# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JOSE LUIS CRUZ RODRIGUEZ § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:25-CV-05933 |

## COMPLAINT

Pursuant to Title 8, United States Code, Section 1229c(d), the United States of America, by its attorney, Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, brings this action against Defendant Jose Luis Cruz Rodriguez to collect a civil monetary penalty owed to the United States pursuant to Section 240B of the Immigration and Nationality Act ("INA"), and alleges the following:

### PARTIES

1. Plaintiff is the United States of America ("United States"). The United States brings this action on behalf of the Department of Homeland Security ("DHS") as an agency of the United States.

2. Upon information and belief, Defendant Jose Luis Cruz Rodriguez during all relevant times is an individual and noncitizen alien residing in the County of Harris within this district.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a), and venue

is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(1) and 1395(a).

## APPLICABLE LAW

4. Pursuant to 8 U.S.C. § 1229c(d): "[I]f an alien is permitted to depart voluntarily... and voluntarily fails to depart the United States within the time period specified, the alien … shall be subject to a civil penalty of not less than $1,000 and not more than $5,000 . . . ."

## GENERAL ALLEGATIONS

5. Defendant is indebted to the United States for a civil penalty assessed for failure to depart the United States, after receiving permission to voluntarily depart the United States, within the required time period.

6. On April 20, 2022, an Immigration Judge determined Defendant was removable from the United States and allowed Defendant to voluntary depart the United States in lieu of removal.

7. The Immigration Judge's Order provided notice that if Defendant failed to voluntarily depart the United States by the specified date of departure, Defendant would be subject to a civil penalty of not less than $1,746.

8. On information and belief, Defendant thereafter failed to depart from the United States by the specified date of departure.

9. On or about June 5, 2025, DHS mailed Defendant a Notice of Intention to Fine ("NOIF"), notifying Defendant of its intent to impose a fine of $3,000 based on Defendant's failure to voluntarily depart the United States by the specified date. On June 12, 2025, the NOIF was delivered.

10. On June 23, 2025, DHS received a certified mail receipt, confirming delivery of the NOIF.

11. Defendant did not respond to the NOIF or otherwise contest the imposition of a penalty.

12. On July 10, 2025, DHS issued a final order, imposing a civil penalty of $3,000 on Defendant for failure to voluntarily depart.

13. To date, the civil monetary penalty remains unpaid.

14. Upon information and belief, Defendant continues to reside in the United States.

PRAYER FOR RELIEF
Civil Penalties for Failure to Depart – 8 U.S.C. § 1229c(d)

WHEREFORE, Plaintiff United States of America prays:

15. For judgment against Defendant in the amount of $3,000, plus interest, penalties, costs and fees that have accrued to the date of judgment; and thereafter, interest accruing at the legal rate pursuant to 28 U.S.C. § 1961; and

16. For such other and further relief as the Court deems just and proper.

Respectfully submitted,
NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

*/s/ Elizabeth A. Wyman*
Elizabeth A. Wyman
Assistant United States Attorney
S.D. Tex. No. 2294662
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: 713-567-9565
Email: Elizabeth.Wyman@usdoj.gov